**HOWARD JOHNSON COMPANY, INC., Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD and Bernard Gottfried, Regional Director Region 7, National Labor Relations Board, Defendants.**

Civ. No. 771098.

United States District Court, E. D. Michigan, S. D.

July 8, 1977.

James D. Tracy, Detroit, Mich., for plaintiff.

Harry D. Camp, Detroit, Mich., for defendants.

## MEMORANDUM AND ORDER

DeMASCIO, District Judge.

Plaintiff filed this cause of action pursuant to the Freedom of Information Act (F.O.I.A.), 5 U.S.C. § 552 et seq. seeking a preliminary injunction restraining the Board from proceeding with a representation hearing, copies of the "authorization cards" submitted in support of a representation petition filed by Local 868, Hotel and Restaurant Employees and Bartenders Union, and a copy of the N.L.R.B. staff report assessing the union's showing of interest. Because we lack jurisdiction to enjoin the Board from proceeding with the representation hearing, we previously declined plaintiff's request for a preliminary injunction.

*Cf. Renegotiation Board v. Bannercraft Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974). The Board contends that the materials sought are exempted from disclosure by exemptions 5, 6, and 7(C) of the F.O.I.A. Since the facts are not disputed, the parties filed cross motions for summary judgment to test the merits of the Board's contention.

■ While considering these cross motions we are mindful that Congress intended to establish a general policy of full agency disclosure unless the information is specifically exempted by the Act. In *Environmental Protective Agency v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973), the Court pointed out that "[t]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the act."

"Without question, the Act is broadly conceived, It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands. Subsection (b) is part of this scheme and represents the congressional determination of the types of information that the Executive Branch must have the option to keep confidential, if it so chooses. As the Senate Committee explained, it was not 'an easy task to balance the opposing interests, but it is not an impossible one either . . . Success lies in providing a workable formula which encompasses, balances, and protects all interests, yet places emphasis on the fullest responsible disclosure.' S.Rep.No.813, p. 3." *E.P.A. v. Mink, supra,* p. 80, 93 S.Ct. p. 832.

■ The plaintiff argues that it may obtain a copy of the "staff report" because it is a final decision of the Board on the issue of a showing of substantial interest by the Union. Plaintiff argues that the Board must make a finding of substantial interest prior to conducting a representation hearing and since a hearing has been held, the issue is finally resolved. Plaintiff's argument is based on an erroneous view of the meaning of the phrase "final order." The

finding of a showing of interest does not finally dispose of the Board's responsibility over the representation petition. The staff report is clearly an internal memorandum protected by exemption 5 of the F.O.I.A. *Howard Johnson Co. v. N.L.R.B. Region 3,* No. 77–124 (W.D.N.Y. May 16, 1977).

■ On the other hand we have concluded that the F.O.I.A. requires disclosure of the "authorization cards." To justify nondisclosure, the Board relies on exemptions 6 and 7(C). Exemption 7(C), however, is limited to investigatory files compiled for law enforcement purposes. Authorization cards are clearly not such files. *Committee on Masonic Homes v. N.L.R.B.,* 556 F.2d 214 (3d Cir. 1977). Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The authorization cards are similar files, *cf. Department of Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976), but their disclosure would not constitute a clearly unwarranted invasion of privacy. We therefore hold that exemption 6 does protect them.

The Board argues that disclosure would invade the privacy of the signers of the cards because it would reveal their support for the union and would chill the exercise of their right to organize and to bargain collectively. We cannot agree with the only Court of Appeals decision that has adopted the Board's reasoning. *Masonic Homes, supra.* In *Getman v. N.L.R.B.,* 146 U.S.App. D.C. 209, 450 F.2d 670 (1971), a law school professor sought disclosure of the names and addresses of employees eligible to vote in certain representation proceedings. He wished to ask them questions as part of a study he was conducting on N.L.R.B. elections. The court held that disclosure would not constitute a clearly unwarranted invasion of privacy because disclosure would be limited to names and addresses and would not contain "intimate details of a highly personalized nature." 450 F.2d at 675. The Third Circuit distinguished *Getman* on the basis of the party seeking disclosure. Disclosure to law professors did not pose the

danger of employer retaliation that disclosure to employers posed. *Masonic Homes, supra* at n.10. Another court has distinguished *Getman* on the ground that the plaintiff there sought only names and addresses and not employee views on unionization. *Howard Johnson Co., supra.* The Board seeks to augment these distinctions by noting that the representation election is conducted through secret ballot and that it has long been held an unfair labor practice for an employer to question his employees in order to determine whether a pending election petition is supported by a substantial number of his employees. *S. H. Kress & Co.*, 137 N.L.R.B. 1248 (1962). We find none of these distinctions persuasive.

The plaintiffs in *Getman* intended to contact the employees whose names they received and inquire into their views on the pending election. The invasion of privacy posed by these inquiries is no less when its source is law professors than when its source is the employer. Moreover, we see no relevance in the long established rule that employer harassment designed to discover who supports the union is an unfair labor practice. The employer in the instant case is not seeking to harass his employees but has invoked the procedure provided by law for obtaining agency records. There is no foundation for attributing an unlawful purpose to the employer.

Finally, we cannot conclude that the speculative fear of employer retaliation warrants exempting these records from disclosure. The Board itself discloses the authorization cards where, pursuant to *N.L.R.B. v. Gissel Packing Co.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), it determines that the employer's unfair labor practices have made it impossible to hold a fair election and where a majority of employees had signed authorization cards. Under those circumstances the danger of employer retaliation is real, as the Board is faced with a prior history of illegal employer action. We find it illogical for the Board to disclose the cards, in that instance, but refuse to disclose them here where the fear of employer retaliation has no basis in fact.

Accordingly, IT IS ORDERED that plaintiff's motion for summary judgment with respect to the authorization cards be and the same hereby is granted;

IT IS FURTHER ORDERED that defendant's motion for summary judgment with respect to plaintiff's request for "documents indicating Region 7's final determination of said Union's showing of interest" be and the same hereby is granted;

IT IS FURTHER ORDERED that plaintiff's motion to enjoin the representation proceeding be and the same hereby is denied.